# CIRCUIT COURT OF BALTIMORE CITY.

Filed April 28, 1913.

DR. E. MILES WHEELER
VS.
ALLEN J. WILLIAR AND WILLIAM G. BUCKEY.

*J. H. Jacobs, A. L. Jackson* for plaintiff.

*W. S. Levy* for defendant.

ELLIOTT, J.—

On the twenty-ninth day of May, 1903, Allen J. Williar and wife executed and delivered to William G. Buckey a mortgage to secure the payment of a promissory note of even date for seven hundred dollars, made payable two years after date.

On the thirtieth day of December, 1912, the said William G. Buckey filed his petition in this Court asking for a foreclosure of said mortgage and a decree was passed and a trustee appointed for a sale of the mortgaged premises.

After advertisement of sale was begun, a certain E. Miles Wheeler, claiming to be a judgment creditor of the said Allen J. Williar, filed his bill of complaint in this Court, against Allen J. Williar and William G. Buckey, tendering himself ready and willing to pay to the said mortgagee all and any moneys still due upon his mortgage debt, together with all costs incurred in the foreclosure proceedings, and asking to be subrogated to the rights of the mortgagee. He also asked that this court would issue its injunction directed to the said William G. Buckey forbidding him from making any sale of the mortgaged property.

The bill further asked that a trustee might be appointed to make sale under the authority and jurisdiction of this Court.

On that bill the Circuit Court passed its order directing that an injunction should issue restraining any sale under the decree already passed, but reserving to the said William G. Buckey the right to move for a rescinding of said order.

On January 23rd, 1913, said Wheeler having obtained leave to amend his said bill, filed his amended bill, in which he joined William S. Levy, trustee, as one of the respondents, and asking for the same relief as in the original bill.

On January 30, 1913, this Court passed its restraining order, enjoining any sale by the said trustee, until the further order of this Court.

On March 17, 1913, answers were filed by all the respondents admitting

the mortgage, judgment debt and foreclosure proceedings, but taking issue with the complainant as to the relative priorities, as between the mortgage claim and that under the judgment.

On March 29, 1913, a general replication was filed and a petition for the taking of testimony under the 35th rule, which testimony having been taken and a hearing had, it becomes necessary for the Court to express its opinion in the premises.

Nothing has been shown to impeach the fact of an outstanding mortgage on the property concerned in the foreclosure, at the time of the appointment of William G. Levy, trustee, and it seems difficult to understand why the orderly procedure of this Court should be interfered with, especially when the prayer for relief in the creditor's bill is for a sale of the mortgaged property. If, therefore, a sale is to be made this Court sees no reason why it should not be made by the trustee already appointed. The priorities as between the mortgage and judgment creditors can be as well determined after the proceeds of sale have been brought into Court, and that question can be litigated without delaying the sale of the mortgaged premises. The restraining order passed herein will, therefore, be rescinded and the trustee be allowed to proceed.

The present bill will be retained for the purpose of determining the question which has arisen between the mortgagee and the judgment creditor.